Edward M. O ’Gorman, J.
On June 21,1973 the plaintiff herein obtained a judgment against Classic Collateral Corporation, Michael E. Bash and Sidney Pal in the amount of $56,734.21. Thereafter, by notice of appeal dated July 3, 1973 ¡the defendants in that action undertook to appeal the said judgment to the Appellate ¡Division of the Supreme Court in the Third Department. The defendant herein furnished the customary appeal bond for the purpose of staying the enforcement of said judgment pending appeal, which provided, among other things, that “ if the judgment or order appealed from or any part of it is affirmed or the appeal is dismissed, the MARYLAND CASUALTY COMPANY shall pay the amount directed to be paid by the judgment or order or the part of it as to which the judgment or order is affirmed ”.
When the matter came on to be heard pursuant to the notice of said appeal, the Appellate Division (First Nat. Bank & Trust Co. of Ellenville v. Classic Collateral Corp., 44 A D 2d 868) determined that the judgment was in truth and in fact a default judgment, and that under those circumstances, no appeal from said judgment would lie, citing CPLR 5511.
The plaintiff now seeks to enforce the liability of the bonding company and to collect the amount of the default judgment. The bonding company moves to stay the enforcement of its *188 appeal bond, and seeks to reform the bond on the ground that it was issued pursuant to a “ mistake of fact or law ’ \ The plaintiff contends that there was no mistake, and that in any event, the bonding company should be strictly held to the terms of its appeal bond.
The judgment in question dated June 21, 1973 recited the following, among other things: ‘ ‘ The issues in the above-entitled action which is an action having duly come on to be heard before MB. JUSTICE JOHN L. LABKIN without a jury at a Trial Term of this Court on the 21st day of June, 1973, and the issues 'having been duly tried .on that day and the plaintiff herein having duly appeared by Kopald and Haft, Esqs. by Lawrence M. Klein, Esq., Trial Counsel to Kooperman and Kooperman, Esqs., attorneys for plaintiff, and the defendants herein having duly appeared by Harry Hold, Esq., Trial Counsel to Errol Blank, Esq., attorney for defendants, and the proofs of plaintiff having been adduced and counsel having been heard, and the Court having rendered a decision in favor of the plaintiff and against the defendants and directing the entry of1 judgment as hereinafter provided and the costs and disbursements of the plaintiff having been duly taxed ”.
La view of the decision of the Appellate ¡Division (supra) it seems clear that the recitals in the said judgment previously quoted were inaccurate, and were certainly capable of conveying the reasonable impression to one who read the judgment that it was not a judgment by default. Since no reasonable agent of a company in the position of the defendant herein would issue its bond to pay the amount of a judgment on the failure of an appeal, when it has long been the rule that such an appeal must necessarily fail (see Civ. Prac. Act, § 557), the court can only conclude that the bond herein was issued pursuant to a mistake as to the nature of the judgment. I further find that the mistake made herein was a reasonable mistake in view of the recitations in the judgment.
The plaintiff argues that even if there was such a mistake, the defendant should be held to the terms of its bond, and makes its mistakes at its peril. However, no substantial harm to the plaintiff has been demonstrated by the moving papers. CPLB 5511 provides as follows: ‘ ‘ An aggrieved party • * • may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party.”
Therefore, construing this bond literally, it was given to insure a proceeding which, pursuant to the law, could not be taken in the first place.
*189 The court must therefore conclude that the issuance of the bond was also based on a mistake of law.
I find the mistake of fact herein as to the nature of the bond which was required for the appeal to have been a mutual mistake of fact. The court makes no finding of fraud, but it is clear that the judgment upon which both parties rely was not a default judgment in form, and it is also clear that neither party could have assumed it to be a default judgment and have permitted the use of the language contained therein.
The mistake of law as to the right to take an appeal from the judgment in question was also a mutual mistake.
The record indicates that there is now pending in the appellate court an appeal from an order denying a motion to open the default of the 'Classic Collateral Corporation and set aside the basic judgment.
The court may clearly, in the exercise of its equitable power, grant relief from a mutual mistake. In the case of an agreement embodied in an instrument executed and delivered under such circumstances, the court may order cancellation thereof, may reform the instrument to express the true agreement of the parties, or may grant the remedy of rescission .so that the parties may be once again placed in their original position (see 37 N. Y. Jur., Mistake, Accident or Surprise, § 17).
In the instant ease, cancellation of the bond would not do equity as far as the plaintiff herein is concerned. A reformation of the bond to modify its terms does not seem the appropriate remedy in this case inasmuch as, however its terms be stated, it is still a bond given in connection with an intended appeal, which has already taken place. The remedy of rescission would be inequitable because the parties can no longer be restored to their original positions. However, the factual situation presented herein demands an equitable solution, and the equitable powers of the court are adequate to meet that demand. As has been stated:1 ‘ It is the duty of equity to protect those who come within its jurisdiction. It should be responsive to the needs of the people for the purpose of affording remedies and protecting rights. The power of a court of equity is coextensive with the right to relief. The power of a court of equity is as broad as equity and justice require. There is no other limitation. Qnce having acquired jurisdiction, it can grant any form of relief warranted by the nature of the case as pleaded and proved. It has authority to make a decree necessary to carry into effect the relief required to do justice between the parties.” (20 N. Y. Jur., Equity, § 33.)
*190 Pursuant to this equitable power, the court will grant defendant’s application to reform the basic agreement between the parties to require the defendant to provide to the plaintiff, by bond, the same protection upon the appeal now pending in the Appellate Division, Third Department, from the denial of the motion to open the default judgment of June 21, 1973 as is presently provided by the bond which had been issued upon the attempt to appeal the said default judgment, and any further proceedings to enforce the bond previously issued herein will be permanently stayed. The defendant, in its moving papers, has substantially consented to this relief.